Battue, J.
 

 We have no doubt that, upon a fair construction of the will of Frederick I. Becton, the elder, he died intestate as to the share of his negroes and other property which he limited, upon a certain contingency, to his widow absolutely. She died before the happening of the contingency, and there is no ulterior disposition of such share in that event. The consequence is, that one eighth part of his slaves and one seventh part of all the other property given to the widow- for life, belong to his next of lcin, who are his children, now living, and the two daughters of his deceased daughter, Julia, all of whom are parties, either plaintiffs or defendants, to this suit.
 

 The defendant John E.a Becton, who was formerly the guardian of the plaintiffs, and such of the other defendants as were his sureties, insist in their answer, as a bar to- the account which the plaintiffs now seek, on a decree which was rendered against them by the court of equity for Jones county in a suit instituted under the authority of the act of 1844, ch. 41, by George S. Stephenson, the Solicitor for the circuit in one of the counties of which the guardian was appointed. We cannot concede to the decree the conclusive force contended for by the defendants. It is true, as a general rule, that infant plaintiffs are as much bound by a decree as persons of full age; and neither they, nor their representatives, are allowed to open the proceedings unless upon new matter, or on the ground of gross laches, or of fraud and collusion. See McPherson on Infants, 386, (41 Law Lib. 248,) which cites
 
 Gregory
 
 v.
 
 Moles
 
 worth, 3 Atk. 626;
 
 Lord Brook
 
 v.
 
 Lord
 
 Hertford, 2 Peere. Will. 519;
 
 Sheffield
 
 v.
 
 Duchess of Buckinghamshire,
 
 1 Atk. 631. In these cases the infants are parties to the suit, and must have next friends to take care of their interest. The act of 1844,
 
 *423
 
 does not require the infants to be made parties to the suit, which may be filed on their behalf by the Attorney General, or Solicitors in their respective circuits. In the present case, indeed, the Solicitor, in the bill which he filed for them, styles them relators, which, however, we think, was entirely unnecessary, if not improper. The relators, in a suit upon an official bond made payable to the State, are the real plaintiffs ; and
 
 that
 
 infants cannot be without
 
 aprochein ami.
 
 See
 
 McLaughlin
 
 v.
 
 Neill,
 
 3 Ire. Rep. 394;
 
 Sanders
 
 v. Bean, Bush. Rep. 318. The infants cannot be bound, then, as parties plaintiff, in a suit by the Attorney General, or a Solictor, and the act does not expressly, or by any necessary implication, give.pt a conclusive effect. If it have such effect, it must be by the force of the general rule, and that does not apply to the case for the reason above given, that the infants are not properly parties to the proceedings. The act intended, by ordering such a suit against a 'defaulting guardian, to have the interests of the infants attended to, whenever there was reason to fear, from the misconduct of the guardian, that there was danger of loss to them. The object of the act will be fully accomplished by having the guardian removed, his accounts settled, and a suitable person appointed to receive and manage the estate of the wards, under the direction of the court. It could not have been expected that the officer, having many other important public duties to perform, could attend properly to the taking of the accounts between the guardian and his wards, and hence the act was silent as to the conclusiveness of the decree. The infants may still, by their next friend, or after they come of age, call upon the guardian for a full account, and the former decree will be allowed no other effect than a
 
 prima facie
 
 presumption that the account and report, upon which it was made, were correct. If it were allowed a greater effect, the proceeding by the Attorney General or Solicitor would, in many cases, be prejudicial to infants, and it would have been better to have left them to the remedies which they had before the act was passed.
 

 The defendant Jacob G. Becton objects to another partition
 
 *424
 
 of the slaves, upon the ground that the plaintiffs are estopped from demanding it, bj a decree of the court of equity for Jones county, upon a petition filed by them and him, for a partition of the same slaves. The reply to that is, that the defendants "William B. Becton and Elijah Loften, and his wife Sarah, have an interest in one' eighth part of the slaves which the testator gave to his wife for life, and left the remainder undis-posed of, and that, in the settlement of the whole estate,, there must be a new division so as to give to these defendants their respective shares. In making the said divisions, the former partition must stand so far as it may do so consistently therewith.
 

 A decree may be drawn declaring the rights of the parties according to this opinion. There must be a reference for taking the necessary accounts, and a commissioner must be appointed to make another partition of the slaves upon the principle above stated, and the cause will be retained for further directions upon the coming in of the report.
 

 Pee Cueiam, Decree accordingly.